# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| HOUREXCHANGE, LLC, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>STUDENT LOAN BENEFITS, INC. §<br>d/b/a VAULT, §<br>*Defendant* § | CIVIL NO. 1:22-CV-00356-RP |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** **THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6), filed June 24, 2022 (Dkt. 15); Plaintiff's Objection & Response to Defendant's Motion to Dismiss, filed July 15, 2022 (Dkt. 19); and Defendant's Reply, filed July 18, 2022 (Dkt. 20). By Text Order entered October 17, 2022, the District Court referred Defendant's Motion to Dismiss to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. Background

Plaintiff HourExchange, LLC owns U.S. Patent No. 9,202,204, "Employee vacation scheduling system with varying payout schedules" ("'204 Patent"), and U.S. Patent No. 9,305,290, "Employee vacation scheduling and payout system" ("'290 Patent"). Dkt. 8 (Amended Complaint) ¶ 8. HourExchange alleges that Defendant Student Loan Benefits, Inc. d/b/a Vault is infringing claims of both patents by offering a "conversion rate" through its "PTO Conversion Tool," which lets employees convert unused paid time off into student loan payments. *Id.* ¶ 10.

In its Amended Complaint, HourExchange asserts claims of patent infringement under 35 U.S.C. § 271 and unfair competition. HourExchange seeks compensatory damages of $5 million and punitive damages of $15 million for each claim; an accounting of Vault's profits; fees and costs; a temporary restraining order; and permanent injunctive relief. HourExchange attached copies of both asserted patents to its Amended Complaint.

Vault now moves to dismiss HourExchange's claims for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). HourExchange opposes the motion.

## II.   Legal Standards

Direct patent infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor." 35 U.S.C. § 271(a). In patent cases, issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). But because motions to dismiss under Rule 12(b)(6) raise purely procedural issues, courts apply the law of the regional circuit – here, the Fifth Circuit – when deciding whether such a motion should be granted. *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016).

Rule 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim" showing that the plaintiff is entitled to relief. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

In *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the Federal Circuit embraced a flexible pleading standard for direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." The court explained that:

> The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.
>
> Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

*Id.* at 1353; *see also Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, --- F. Supp. 3d ----, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *2 (W.D. Tex. June 6, 2022) (quoting *Bot M8*, 4 F.4th at 1353). Before *Bot M8*, the Federal Circuit held that a plaintiff sufficiently pled direct infringement of claims directed to a spinal brace, "a simple technology," where the complaint "specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260

3

(Fed. Cir. 2018). Although *Bot M8* and *Disc Disease* were decided under the laws of the Ninth and Eleventh Circuits, respectively, "the Fifth Circuit's pleading standards are not materially distinct. These opinions, then, supply welcome guidance regarding pleading requirements for direct infringement." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, No. W-21-CV-00819-ADA, --- F. Supp. 3d ----, 2022 WL 2479930, at *3 (W.D. Tex. July 6, 2022).

For systems claims, a defendant must "combine all of the claim elements" to make the patented system. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011). An element-by-element pleading of fact for each asserted patent claim is not required, *Sesaco Corp. v. Equinom Ltd.*, No. 1:20-CV-1053-LY, 2022 WL 1546642, at *1 (W.D. Tex. Mar. 11, 2022), but: "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). Under any standard, "the complaint must support is entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Michron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and rarely granted. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.     Defendant's Motion to Dismiss

In its reply brief, Vault asks the Court to disregard HourExchange's response to the motion to dismiss because it was filed a week late. The Court could grant Vault's motion as unopposed under Local Rule CV-7(d)(2), but instead has considered HourExchange's untimely brief and hereby admonishes HourExchange that it must abide by all Local Rules.

### A.  Patent Infringement Claim

HourExchange's asserted patents "are comprised of an employee vacation scheduling computer system." Dkt. 8 ¶ 9. The '204 Patent contains 18 claims; the '290 Patent, 32 claims. In its Amended Complaint, HourExchange specifically identifies only one claim allegedly infringed by Vault: subpart (D) of the 32nd claim of the '204 Patent. Dkt. 8 ¶ 12. In its response brief, HourExchange clarifies that its pleading contains a typographical error and it intended to reference subpart (c) of the 32nd claim of the '290 Patent:

> (c) providing a computer-implemented conversion module for <u>converting a currently available paid leave of the employee into equivalent monetary value</u>, upon conversion, the vacation money associated with the corresponding employee entry, the vacation money to be used towards the purchase of a vacation travel services <u>or other products and services</u>.

Dkt. 19 at 8; Dkt. 8 at 45. HourExchange alleges that Vault's method to convert end-of-year "user or lose" PTO into direct student loan payments "is a commercialization and direct infringement of HourExchange's Patents – particularly HourExchange's 'conversion rate' concept." Dkt. 8 ¶ 11.

Vault argues that every claim in both of HourExchange's asserted patents requires a system or method that provides a "store module" which enables "an employee to purchase a vacation travel service." Vault argues that it "has never provided that or anything similar. Plaintiff never once alleges that Vault does so." Dkt. 15 at 5. HourExchange responds that "the 'date module' and the 'store module' were a mechanism to illustrate the most economically advantagueous [sic] use case based upon prevailing market conditions, and the Patents were constructed with 'vacation' as the

5

illustrative model fur [sic] use." Dkt. 19 at 10. HourExchange contends that its asserted patents "are based upon the actual logic of the 'computer-implemented conversion module," and that Vault infringes the "or other products and services" limitation shown above. *Id.* at 10-11.

As Vault correctly contends, patents protect specific claims, not "concepts" or "logic." *See, e.g.*, *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (holding that patent protection does not apply to abstract ideas); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude.") (internal quotation marks omitted).

HourExchange ignores that Claim 32 of the '290 Patent, for "[a] computer-implemented employee vacation scheduling method," contains many other limitations in addition to subpart (c). These include subpart (b): "providing a computer-implemented store module for enabling an employee to purchase a vacation travel service out of a plurality of vacation travel services, a vacation travel service spanning a predetermined number of vacation days . . . ." Dkt. 8 at 45.

HourExchange has not alleged that Vault practices all the limitations of Claim 32 or any of the other 49 claims in either of its asserted patents. HourExchange thus fails to allege that Vault's system meets "each and every element of at least one claim." *Disc Disease*, 888 F.3d at 1260; *see also CPC Pat. Techs. Pty. Ltd. v. Apple Inc.*, No. 6:21-CV-00165-ADA, 2022 WL 118955, at *1 (W.D. Tex. Jan. 12, 2022) ("To allege direct infringement, the complaint must allege facts sufficient to create a plausible inference that *each element* of the claim is infringed by the accused products.").

In this case, more detailed pleading is necessary because the technology relates to software, the claims are complex, and there is no indication that the "vacation travel service" claim limitation is not material to practicing the asserted claim. *See Bot M8*, 4 F.4th at 1353 (holding that the level

of detail required to meet plaintiff's pleading obligation varies in part on "the materiality of any given element to practicing the asserted claim(s)"); *see also* Examiner's Amendment, Dkt. 15-6 (inserting "a vacation travel service spanning a predetermined number of vacation days" into subpart (b) of Claim 32).[1] Because HourExchange fails to allege that Vault's system meets each limitation of any claim in the asserted patents, the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

For these reasons, accepting as true the allegations in HourExchange's Amended Complaint and construing the facts favorably to HourExchange, the Court finds that HourExchange has failed to state sufficient factual allegations to "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. The undersigned Magistrate Judge therefore recommends that the District Court grant Vault's motion to dismiss HourExchange's patent infringement claim.

## B. Unfair Competition Claim

For its unfair competition claim, HourExchange alleges:

> Through its acts and omissions decribed [sic] above, Defendant has unfairly competed with Plaintiff by copying well-known features of Plaintiff's *Patents* and by otherwise causing customer confusion, which practices have resulted in serious injury to Plaintiff's business position, pecuniary interest, reputation, and good will, and will result in irreparable injury to Plaintiff unless enjoined by this Court. Defendant's conduct was based on malice and/or reckless indifference to Plaintiff's legal rights, entitling Plaintiff to punitive (treble) damages.

---

[1] Pursuant to FED. R. EVID. 201(b)(2), the Court takes judicial notice of the application file history of the '290 Patent from the U.S. Patent and Trademark Office website, patentcenter.uspto.gov. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of agency's website); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice."). The Examiner similarly amended three independent claims in the '290 Patent, but referred to Claim 32 – the last claim – as Claim 36. *See* Notice of Allowance issued December 10, 2015; Supplemental Notice of Allowance issued December 23, 2015.

Dkt. 8 ¶ 22. HourExchange does not further identify the basis for the unfair competition claim or distinguish it from preemption by its patent infringement claim. *See, e.g.*, *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 777-78 (5th Cir. 2017) (holding that patent law preempted a state law claim for unfair competition by misappropriation); *Nagle Indus., Inc. v. Ford Motor Co.*, 173 F.R.D. 448, 456 (E.D. Mich. 1997) (dismissing claim based on alleged "copying" of plaintiff's patented invention as preempted by federal patent law). Nor does HourExchange defend its unfair competition claim in response to Vault's motion to dismiss. Accordingly, the undersigned recommends that the District Court grant Vault's motion to dismiss this claim as well.

### IV.     Plaintiff's Request for Leave to Amend

In the alternative, should the Court grant Vault's motion to dismiss, HourExchange requests leave to file an amended complaint. Dkt. 19 at 11. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

HourExchange has neither submitted a proposed amended complaint nor described any additional facts it would plead to cure the defects in its Complaint. On the facts presented here, without a proposed amended complaint, the Court cannot assess whether amendment is warranted or, as Vault argues, futile. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts it would plead in amended complaint to cure any deficiencies); *see also* Local Rule CV-7(b) (requiring that an executed copy of a proposed pleading be filed as an exhibit to a motion for leave). The Court recommends that HourExchange's request for leave to amend be denied without prejudice.

## V.   Recommendation

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6) (Dkt. 15) and **DISMISS** Plaintiff's claims without prejudice to refiling.

The Court further **RECOMMENDS** that the District Court **DENY** Plaintiff's request for leave to amend without prejudice to refiling (Dkt. 19 at 11).

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 9, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE